Judge Berman

07 CV 2946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ACS RECOVERY SERVICES, INC.,

            Plaintiff,

-against-

BOBBY HARRIS and GINGER HARRIS,

            Defendants.
-------------------------------------------------------X

Civil Action No.

COMPLAINT

RECEIVED APR 13 2007 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff ACS Recovery Services, Inc. ("ACS"), by its attorneys, Day Pitney LLP, as and for its complaint against defendants BOBBY HARRIS and GINGER HARRIS ("defendants"), respectfully allege:

### NATURE OF THE ACTION

      1.    This is an action under § 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), to enforce certain subrogation rights under an employee welfare benefit plan governed by ERISA. This action seeks equitable relief in accordance with the U.S. Supreme Court's decision in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S.Ct. 1869 (2006).

2.      Plaintiff ACS is an independent vendor of medical claims recovery and cost containment services to private healthcare payors, third-party administrators, self-funded employee benefit health plans and state and local government employee benefit health plans. It seeks herein to defend and enforce certain subrogation rights pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), with respect to medical benefits paid by one of its employee welfare benefit plan clients to a participant in the plan with respect to certain injuries she sustained.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the claims herein pursuant to ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2), pursuant to 28 U.S.C. § 1331 (federal question), and pursuant to principles of pendent jurisdiction.

4.      Venue is proper in this District pursuant to ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2), in that the benefit plan at issue herein is administered in this District.

**PARTIES**

5. ACS is, and was, at all relevant times hereinafter mentioned, a Delaware corporation and maintains its headquarters at 1301 Basswood Road, Schaumburg, Illinois 60173. ACS was formerly doing business as Primax Recoveries Incorporated ("Primax" or "ACS").

6. Upon information and belief, Bobby Harris is a natural person residing at 18622 Walnut Drive, Flint, Texas 75762-9700.

7. Upon information and belief, Ginger Harris is a natural person residing at 18622 Walnut Drive, Flint, Texas 75762-9700.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. ACS is an independent vendor of medical claims recovery and cost containment services to private healthcare payors, third-party administrators, self-funded employee benefit health plans and state and local government employee benefit health plans.

9. ACS's business involves subrogation/reimbursement recovery, which involves the identification,

3

investigation and recovery, by way of equitable enforcement of liens, with respect to accident-related medical benefits paid or incurred by its plan clients but for which other persons or entities have primary responsibility due to contract or laws by way of equitable enforcement of its clients' liens.

10. Pursuant to a contractual arrangement with non-party CIGNA HealthCare company ("CIGNA"), ACS reviews and recovers claims with respect to benefits paid when an illness or injury sustained by an individual covered under a CIGNA-insured plan may have been sustained under circumstances where such other persons or entities have primary responsibility as aforesaid.

11. One such CIGNA-insured plan (the "Plan") is an employee benefit health plan established and maintained by non-party Fortis, Inc. in New York, NY.

12. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

13. At all times relevant, defendant Bobby Harris was a Plan participant through defendant Ginger Harris's employment with Fortis, Inc. Bobby Harris and Ginger

Harris were both covered persons entitled to benefits under the Plan.

14.  Upon information and belief, on or about December 19, 2000, a truck owned by a concrete company struck Mr. Harris.

15.  As a result of this accident, CIGNA was caused to incur substantial expenses for medical care and attention of Mr. Harris, and has paid medical benefits directly relating to the foregoing injuries sustained by Mr. Harris in the amount of $55,463.84.

16.  Upon information and belief, Mr. Harris, alone or with Ms. Harris (collectively the "Harrises") asserted a claim with a non-party insurance carrier ("third party carrier") as a result of the aforesaid injury.

17.  Upon information and belief, the Harrises settled their claims with the third party carrier and received a settlement payment in the amount of $675,000 from such carrier.

18.  The lien that is the subject of this equitable enforcement action arose from the Harrises' receipt of these settlement proceeds.

19.    The Plan provides:

> If you or a covered dependent is injured by another party, the Plan has the right to be reimbursed for benefits paid if damages are recovered from the responsible party. For this purpose, "responsible party" includes anyone who has an obligation to compensate you for the injury, including your own auto insurance company under its uninsured or underinsured provisions.
>
> The Rules of Recovery and Subrogation
>
> By filing a claim for benefits under the Plan or by receiving benefits from the Plan, you automatically assign, transfer, and subrogate to the Plan all rights, claims, and interests that you have against a responsible third party. In addition, you agree to repay the Plan if you recover from the responsible party any losses paid by the Plan.
>
> You are required to cooperate with the Plan in pursuing its right of recovery. This means that you are required to keep the Plan informed about the progress of your claims against the responsible party. If you do not pursue a claim, You may be required to assist the Plan in pursuing a claim. You must obtain written consent from the Plan Administrator before you settle nay claims against any responsible party.
>
> The Plan's right of recovery applies to the proceeds of any amount you receive from the responsible party regardless of whether the amount is called reimbursement of medical expenses, or whether you believe the amount fully compensates you for your injury. The Plan's right of recovery applies to the net amount you receive (net of attorneys fees and other expenses.) The Plan does not share your cost of recovery.
>
> If you refuse to cooperate with the Plan in

enforcing its right of recovery, settle a claim without the Plan's consent, or if you refuse to repay the Plan after recovering from the responsible party, the Plan will reduce payments on any further claim by the amount you owe the Plan. The Plan may also bring legal action against you to recover the amount you owe.

## AS AND FOR A FIRST CAUSE OF ACTION
### (ERISA § 502(e)(3), 29 U.S.C. § 1132(e)(2))

20. ACS repeats and realleges each and every allegation contained in paragraphs "1" through "19" hereof as if more fully set forth herein.

21. As Ms. Harris is an employee of Fortis, Inc. and a covered participant of the Plan, and as Mr. Harris is a covered dependent and beneficiary of the Plan, the Harrises are bound by the terms of the Plan.

22. Under the explicit terms of the Plan, CIGNA is subrogated to all rights, claims or interests that the Harrises had or may have had against the defendants in the tort lawsuit, and automatically possesses a lien upon the proceeds of their recovery and/or settlement from that lawsuit, to the extent of benefits paid under the Plan.

23. Pursuant to its contractual agreement with CIGNA, ACS herein asserts those rights, claims and

interests of CIGNA under the Plan and otherwise.

24. Prior to the commencement of this action, a representative of ACS contacted the Harrises and/or their counsel, putting the Harrises on notice of the lien that is the subject of this equitable enforcement action.

25. Neither the Harrises nor their counsel responded to ACS.

WHEREFORE, plaintiff ACS Recovery Services, Inc. respectfully demands that this Court enter judgment in its favor and against defendants:

(a) adjudging and declaring that the proceeds from the Harrises' settlement in the tort lawsuit is subject to a lien in favor of ACS to the extent of $55,463.84, plus interest;

(b) ordering the Harrises to pay over to ACS the amounts subject to said lien in discharge of same; and

    (c) granting such other and further relief as this Court deems just and appropriate.

            DAY PITNEY LLP
            Attorneys for Plaintiff,
            ACS Recovery Services, Inc.

            By: _____/s/ Glenn Butash_____
              Glenn E. Butash, Esq.
            7 Times Square
            New York, NY 10036
            Telephone: (212) 297-5800
            Facsimile: (212) 916-2945
            Email: gbutash@daypitney.com

Dated: New York, New York
    April 12, 2007