Judge Berman     07 CV 2946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
ACS RECOVERY SERVICES, INC.,            Civil Action No.

       Plaintiff,

v.
                                    TEMPORARY RESTRAINING ORDER
                                    AND PRELIMINARY INJUNCTION
BOBBY HARRIS and GINGER
HARRIS,

       Defendants.
-------------------------------X

       This matter having been opened to the Court upon application of Day Pitney LLP, attorneys for plaintiff ACS Recovery Services, Inc. ("plaintiff"), for the entry of a temporary restraining order and preliminary injunction pursuant to *F.R.C.P.* 65; and the Court having considered the Complaint, Affidavit of Henry S. Romano, Jr., and Memorandum of Law in Support of plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, it is hereby:

       ORDERED, that defendants Bobby Harris and Ginger Harris ("defendants") show cause before this Court at Courtroom **6A**, United States District Courthouse, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, on the **18th**

1460869A02041207

day of April, 2007, at 9:00 a.m., or as soon thereafter as counsel can be heard, why a temporary restraining order and preliminary injunction, pursuant to *F.R.C.P.* 65, should not be issued pending the final hearing and determination of this action, enjoining defendants, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, from spending, transferring, or otherwise disbursing or dissipating, the amount of $55,463.84 from the $675,000.00 recovery Bobby Harris, alone or with Ginger Harris, received from the settlement of Mr. Harris' personal injury claim ("settlement"); and it is further

ORDERED that defendants shall deposit $55,463.84 from the settlement in a separate, interest-bearing savings account in the joint names of Bobby Harris and Ginger Harris and within the jurisdiction of this Court; and it is further

ORDERED, that pending the hearing and determination of plaintiff's motion for a temporary restraining order and preliminary injunction, defendants, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, are hereby enjoined from spending, transferring, or otherwise disbursing or dissipating, the amount of $55,463.84 from the settlement.

Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein may result in the immediate issuance of a temporary restraining order and preliminary injunction, and shall extend during the pendency of this suit. Defendants are hereby further notified that they may be deemed to have actual notice of the issuance and terms of such restraining order and preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

The Court has granted the foregoing Temporary Restraining Order and Preliminary Injunction without prior written or oral notice to defendants for the reasons set forth below:

a.  Plaintiff is likely to succeed in showing that it is entitled to an equitable lien up to the amount of $55,463.84 from the defendants' settlement of their personal injury action;

b.  Plaintiff will incur immediate and irreparable injury if this Court declines to grant a temporary restraining order and preliminary injunction requiring defendants to preserve the amount of $55,463.84 from the defendants' settlement proceeds;

c. Because plaintiff only seeks to require defendants to preserve $55,463.84 from the settlement proceeds of the defendants' personal injury action, this Court finds that the greater injury will be inflicted upon plaintiff by the denial of the requested relief than will be incurred by defendants if the requested relief is granted; and

d. If defendants dissipate the settlement proceeds, plaintiff will lack a remedy under the Employee Retirement Income Security Act to recover the monies claimed to be owed by defendants.

IT IS FURTHER ORDERED that a copy of this Order, together with the papers upon which it is granted, be personally served upon the defendants or their attorneys on or before April _16_, 2007, *(3:00 P.M.)* and that such service be deemed good and sufficient.

*Any opposition papers shall be served + filed on or before April 17, 2007 @ 3:00 P.M. (with simultaneous courtesy copies hand delivered to Chambers).*

*Parties to make good faith effort to settle all issues prior to 4/18/07 court appearance.*

, U.S.D.J.

Date of Issuance:
Time of Issuance:
New York, NY  *4/13/07 @ noon*

4